[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12600
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00067-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIEN LARON MCDANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 11, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Damien McDaniel appeals after pleading guilty to one count of possession

with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(C); one count of carrying and using a firearm during and in

relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); two counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D).  Following his guilty plea, McDaniel, on his own accord, moved at sentencing to withdraw his plea, but the district court denied the motion.  On appeal, McDaniel argues that: (1) the district court erred in denying his motion to withdraw his guilty plea because he was denied close assistance of counsel at sentencing; and (2) counsel was ineffective for failing to assist him with the motion to withdraw his guilty plea.  After careful review, we affirm.

First, we find no merit to McDaniel's claim that the district court abused its discretion in denying his motion to withdraw his guilty plea.  We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).  There is no abuse of discretion unless the denial of the motion to withdraw the plea was arbitrary or unreasonable.  Id.  "A district court abuses its discretion if it 'fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous.'"  United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006).  The defendant-movant carries the burden on a motion to withdraw a guilty plea.  Id.

2

A defendant may withdraw a guilty plea before it is accepted by the court "for any reason or no reason." Fed.R.Crim.P. 11(d)(1). However, after the district court has accepted a defendant's guilty plea, but before sentencing, the defendant may withdraw a guilty plea if: (1) the district court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(A)-(B). In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1998). A plea is knowing and voluntary if the defendant: (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). Furthermore, the good faith, credibility, and weight of the defendant's representations in support of the motion to withdraw are issues for the trial court to decide. Buckles, 843 F.2d at 472. Lastly, there is a strong presumption that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

3

The district court did not abuse its discretion in denying McDaniel's oral motion to withdraw his guilty plea because McDaniel failed to meet his burden of providing a "fair and just reason" to withdraw his plea. See Fed.R.Crim.P. 11(d)(2)(B). For starters, the district court was entitled to find that McDaniel received close assistance of counsel. As the record shows, McDaniel signed the plea agreement, which included various provisions detailing McDaniel's knowledge of its contents, and included the 312-month total sentence that the parties had stipulated to; McDaniel and his counsel signed a certification, which outlined counsel's discussions with McDaniel concerning the plea agreement and procedure; and during the change-of-plea hearing, McDaniel admitted that counsel had explained the plea agreement, the certification and the charges against him, that counsel had done a great job, and that he did not have any complaints about counsel's representation.

Second, McDaniel has not shown that his plea was not knowing and voluntary. McDaniel's statements at the change-of-plea hearing and in the plea agreement revealed that, among other things, nobody threatened, forced, or coerced him to plead guilty; that he was pleading guilty because he was in fact guilty; and that he understood the extent of the punishment he was facing. As we've said, there is a strong presumption that McDaniel's statements made during the plea colloquy were true. Moreover, at the hearing, the district court

4

summarized the charges to which McDaniel was pleading guilty and the elements of those charges; and the plea agreement and the court outlined the minimum and maximum sentences for the charges, the 312-month stipulated total sentence by the parties, and the rights that McDaniel would give up by pleading guilty.

Third, judicial resources would not be conserved if McDaniel were permitted to withdraw his plea. Indeed, the district court would have to hold a trial, which would expend resources rather than conserve them. By the same token, the government would be prejudiced by having to reconvene and expend time and resources to try the case. Therefore, based on the totality of the circumstances and, specifically, the Buckles factors, the district court did not abuse its discretion in denying McDaniel's oral motion to withdraw his guilty plea.

As for his ineffective assistance of counsel claim, we decline to consider it here. We generally do not consider ineffectiveness claims raised on direct appeal if the district court did not entertain the claim or develop a factual record. United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." Patterson, 595 F.3d at 1328 (quotation omitted).

In this appeal, the record is insufficiently developed for us to consider McDaniel's ineffective assistance of counsel claim.  Because McDaniel did not specifically raise the ineffectiveness arguments below, the district court did not inquire into them.  Furthermore, McDaniel's appeal waiver would not bar this claim in a collateral proceeding.  Therefore, we decline to consider his ineffective assistance claim on direct appeal.

**AFFIRMED**.